## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Jeffrey M. Yearwood, | : | Chapter 7 |
| | : | |
| Debtor | : | Bky.  No. 19-17235 PMM |
| | : | |
| | : | |

### ORDER DENYING MOTION TO AVOID LIEN

**AND NOW**, upon consideration of the Debtor's Motion to Avoid Lien of Tierney & Tierney, Esq. (the "Creditor") Pursuant to Section 547(b)(A) (doc. no. 27, the "Motion"):

**AND** a hearing on the Motion was held on July 14, 2020, after which the Court took the matter under advisement and invited the parties to submit letter briefs in support of their respective positions;

**AND** neither party having submitted a letter brief;

**AND** because the Debtor fails to state a viable cause of action to avoid the Creditor's lien pursuant to 11 U.S.C. §547, it is hereby **ordered** that:

1. The Motion is **denied**;*

2. Amendments to the Debtor's schedules, if any, must be permitted in advance by court order;

3. If sought by the Creditor, the Debtor must allow an appraisal of her residence within sixty (60) days of this Order;

*Patricia M. Mayer* (signature)

**DATED: 8/17/20**     _____
               **PATRICIA M. MAYER**
               **U.S. BANKRUPTCY JUDGE**

* **E N D  N O T E**

The Debtor previously filed a Motion to Avoid Lien Pursuant to §522(f)(1)(A). Doc. no. 13.  That Motion sought to avoid judgment entered in favor of the Creditor which was obtained on August 30, 2019 in the amount of $50,099.32 (the "Judgment").

The Creditor objected to the Motion to Avoid Lien, asserting that the Debtor's home (the "Property") is valued at more than the $263,000 stated in Debtor's schedules.  The Motion to Avoid Lien was withdrawn by the Debtor on June 18, 2020. Doc. no. 26.

Five days later, on June 23, 2020, the Debtor refashioned the pleading as the current Motion. The Creditor objects to the Motion. Doc. no. 30.

The Debtor's Schedule A values the Property at $216,348.00. The Debtor's Property is not listed as exempt on Schedule C.  Wells Fargo holds a mortgage on the Property in the amount of $238,182.00. See Schedule D. The Creditor asserts that the Property is worth $325,000.00. E.g. doc. no. 18.

*   *   *   *   *   *   *   *   *   *   *   *

The Motion summarily seeks to avoid the Judgement as a preference pursuant to 11 U.S.C. §547(b)(A).

The authority to bring a preference action 11 U.S.C. §547 is ordinarily reserved for the chapter 7 trustee.  See 5 Collier on Bankruptcy P 547.11 (16th 2020); In re Kashkashian, 544 B.R. 824 (Bankr. E.D. Pa. 2016).

As discussed at the hearing on the Motion, in order for the Debtor to proceed via §547, he must invoke 11 U.S.C. §522(h) which provides, in relevant part:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer . . . .

A debtor's right to proceed with an avoidance or preference action pursuant to §522(h) requires that two conditions are met: 1) the trustee fails to pursue such an avoidance action *and* 2) "the property in question could have been claimed as exempt." In re Funches, 381 B.R. 471, 492 (Bankr. E.D. Pa. 2008).  See also In re Giacchetti, 584 B.R. 441, 447 (Bankr. D. Mass. 2018).

While the trustee in this case did not pursue an avoidance action with regard to the Judgment (thus satisfying the first necessary element), there is no evidence that the second element – a debtor's demonstration of exemptible interest in the property – is satisfied. On the contrary, the stated value

of the Property and mortgage interest show that the Debtor does not have – and cannot exempt - any equity in the Property.

The Debtor has failed either to offer evidence or to revise his schedules to reflect that the value of the Property as stated is incorrect.  Therefore, the Debtor fails to demonstrate that he has authority to pursue a cause of action under §547 via §522(h).

For these reasons, the Motion will be denied.